UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PORSHA COASTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 26-cv-10909-LTS |
| | ) | |
| T-MOBILE USA INC., | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

June 2, 2026

SOROKIN, D.J.

Pro se plaintiff Porsha Coaston brings this action against T-Mobile USA Inc.
("T-Mobile"), alleging that the defendant wrongfully terminated her employment.  On February
4, 2026, the Court issued an order granting Coaston's motion for leave to proceed in forma
pauperis and directed her to file an amended complaint if she wished to proceed with this action.
Dkt. No. 4.  Coaston has since filed an amended complaint.  Dkt. No. 6.  As set forth below, the
Court will dismiss this action without prejudice for failure to state a claim upon which relief may
be granted.

Under the Federal Rules of Civil Procedure, a complaint must contain a "short and plain
statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  To
"show" that a plaintiff is entitled to relief, a complaint must "contain sufficient factual matter,
accepted as true" to state a plausible claim for relief  Ashcroft v. Iqbal, 556 U.S. 662, 678
(2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

1

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
Id.

Here, the allegations in the amended complaint show that the termination of Coaston's employment may have been unfair, but they do not show that T-Mobile violated the law.

Federal law prohibits certain employment practices.  For example, under Title VII of the Civil Rights Act of 1964, and employer cannot discriminate against an employee based on the employee's race, color, religion, sex, or national origin.  *See* 42 U.S.C. § 2000e-2(a).  In some circumstances, federal law prohibits an employer from firing an employee based on the employee's age or disability.  *See* 29 U.S.C. § 623(a); 42 U.S.C. § 12112(a).  It is also unlawful under federal law for an employer to fire an employee because the employee has opposed illegal discrimination by the employer.  *See* 29 U.S.C. § 623(d); 42 U.S.C. § 2000e-3(a); 42 U.S.C. § 12203.  However, Coaston does not allege that T-Mobile terminated her employment based on her race, color, religion, sex, national origin, age, or disability, or because she opposed discriminatory practices by her employer.

Further, Coaston does not suggest that T-Mobile violated state anti-discrimination laws, *see* M.G.L. ch. 151B, § 4(1), that she was not an at-will employee, *see White v. Blue Cross & Blue Shield of Mass., Inc.*, 442 Mass. 64, 70 (2004) (employer was "well within its rights" to give at-will employee "any reason, a false reason, or no reason at all for his termination"), or that the termination otherwise violated Massachusetts law.

Accordingly, this action is DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

SO ORDERED.

/s/ Leo T. Sorokin

UNITED STATES DISTRICT JUDGE

2